**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

PARIS WILLIAMS,

        Plaintiff,

      v.

ALYCE FARRELL, et al.,

        Defendants.

CIVIL ACTION NO. 3:26-CV-01555

(MEHALCHICK, J.)

## ORDER

Plaintiff Paris Williams ("Williams") commenced this action on June 8, 2026, against magisterial district judge Alyce Farrell ("MDJ Farrell") and two Lackawanna County Commissioners, Bill Gaughan and Chris Chermak. (Doc. 1; Doc. 8, at 1). Williams's complaint alleges that in his underlying criminal case, MDJ Farrell forged Williams's signature on documents from his arraignment, which Williams claims never took place. (Doc. 1, at 3; Doc. 8, at 1). Williams claims that his right to a fair trial was taken from him because he was "prosecuted on fabricated and perjurized [sic] documentation." (Doc. 1, at 3; Doc. 8, at 2). Willaims also alleges that the county commissioners are also responsible for the actions of the judges in Lackawanna County. (Doc. 1, at 4; Doc. 8, at 2). In Williams's underlying criminal case, he was charged with one misdemeanor count of making a false report to law enforcement in violation of 18 Pa. Cons. Stat. § 4906(b)(1). Williams pled guilty and received twelve months' probation. (Doc. 8, at 2). Williams appealed his criminal conviction to the Pennsylvania Superior Court, which remains pending. (Doc. 8, at 2). On June 25, 2026, Judge Bloom conditionally granted Williams's motion for leave to proceed *in forma pauperis* and screened Williams's complaint. (Doc. 8).

Presently before the Court is a report and recommendation filed by Judge Daryl F. Bloom recommending that the Court dismiss Williams's complaint without prejudice to Williams reasserting his claims at the conclusion of his state court proceedings. (Doc. 8, at 8). Judge Bloom determined that Willaims's claims arise out of his ongoing criminal court proceedings. (Doc. 8, at 7). Judge Bloom found that pursuant to the *Younger* abstention doctrine, the Court should abstain from considering the merits of Williams's claims involving his ongoing criminal case. (Doc. 8, at 7). Judge Bloom informed Williams that he had fourteen days to file an objection to the report and recommendation. (Doc. 8, at 8-9). No objections have been timely filed. Having reviewed the reasoning of the report and recommendation and relevant law, the Court will **ADOPT** the report and recommendation in its entirety. (Doc. 8).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on

the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

The Court agrees with the sound reasoning of the report and recommendation and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT** the report and recommendation (Doc. 8) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. The complaint (Doc. 1) is **DISMISSED without prejudice** to Williams reasserting his claims at the conclusion of his state court proceedings.

**Dated: July 29, 2026**                              *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **United States District Judge**